UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GROVER CANNON** | **CIVIL ACTION NO. 23-313-P** |
| **VERSUS** | **JUDGE HICKS** |
| **DWIGHT DOSKEY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Grover Cannon ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in the United States District Court for the Middle District of Louisiana on April 8, 2022, and by order was transferred and received in this court on March 7, 2023. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He claims his civil rights were violated during his criminal trial proceedings. Plaintiff names Defense Lawyer Dwight Doskey, Judge Ramona Emanuel, Assistant District Attorney Edwin Blewer, III., Assistant District Attorney Ron C. Stamps, Assistant District Attorney William J. Edwards, Assistant District Attorney Tommy J. Johnson, Officer Jerry A. Alkire, and the Shreveport Police Department as defendants.

Plaintiff was convicted of first degree murder of a police officer. He claims Defendants conspired to injure, oppress, threaten, and intimidate persons in the free

exercise and/or enjoyment of their constitutional rights. He also claims government officials are guilty of misconduct and conspiracy.

Plaintiff claims he attempted to terminate his lawyer Dwight Doskey because he did not collaborate with him, and he did not agree about his defense. He claims a colloquy was held before Judge Emanuel regarding McCoy issues. He told Judge Emanuel there was a conspiracy against him when she asked him how he would like to plea. He claims it was clear to Judge Emanuel how a trial lawyer was supposed to represent his client. He claims that during the colloquy, his lawyer Dwight Doskey told Judge Emanuel that he would put on any arguments and/or defense he chose unless she ordered him to do otherwise. Plaintiff claims Judge Emanuel failed to protect his constitutional rights when she did not correct his attorney based on the McCoy issues he raised. He claims Judge Emanuel stated that she had no say as to how his defense lawyer chose to represent him. Plaintiff argues that the McCoy case made it clear that the defendant holds the power of setting the objective and the defendant's lawyer is supposed to collaborate with him with obtaining the desired outcome.

Plaintiff pleaded not guilty. He claims his lawyer Dwight Doskey put forth a defense based on self- defense and lack of mental capacity. Plaintiff claims he was found competent to stand trial and assist his lawyer with his defense. He claims there was no reason for his lawyer to argue that he lacked mental capacity. He further claims there was no reason for his lawyer to argue self-defense because he was not at the residence when

the shooting occurred. Plaintiff claims his lawyer chose not to collaborate with him on his trial strategy and this caused a structural error. He claims that if he wanted to claim self-defense, he would have pleaded self-defense instead of simply not guilty. He claims his lawyer disregarded that he was not present at the time of the shooting and did not shoot anyone in self-defense or for any other reason. He claims his lawyer's strategy was a way to undermine the jurors and railroad him. He claims that by his lawyer arguing self-defense, he admitted he committed the act to defend himself. Plaintiff claims his lawyer raised everything except an argument that fit the objective of not guilty. He claims that by raising self-defense, his attorney removed the burden of proof from the State to prove he was the one who committed the act of murder.

Plaintiff claims the appellate lawyer for the State limited him to only being able to plea. He claims his lawyer Dwight Doskey overrode or blocked him from making fundamental choices and this caused a structural error in violation of the sixth amendment. Plaintiff claims there is testimony that shows he was not in agreement with his lawyer's strategy of using self-defense. He claims the State's appellate lawyer falsely argued that he never disagreed with his trial lawyer's strategy. Plaintiff claims the State's appellate lawyer undermined the Justices of the Supreme Court of Louisiana. He claims his lawyer chose to collaborate with the State and used a childish maneuver to undermine him and the jurors to have him railroaded and/or wrongfully convicted. He claims the State's appellate

attorney conspired against him to injure, oppress, threaten, and intimidate persons in the free exercise and/or enjoyment of their constitutional rights.

Plaintiff claims he and the jurors were undermined by the actions of these people. He complains he was wrongfully oppressed and found guilty with no evidence linking him to the murder. Accordingly, Plaintiff seeks monetary compensation, termination of Defendants, and his conviction overturned.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced for murder of a police officer because of the actions of Defendants. Plaintiff is seeking monetary damages and injunctive relief for his allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state

prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Attorney Dwight Doskey**

Plaintiff claims Attorney Dwight Doskey did not collaborate with him, and they did not agree about his defense. Plaintiff does not specifically allege that Dwight Doskey acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Attorney Dwight Doskey should be dismissed as frivolous.

**Judge Ramona Emanuel**

Plaintiff claims Judge Emanuel failed to protect his constitutional rights when she did not correct his attorney based on the McCoy issues he raised. Plaintiff cannot allege claims against Judge Emanuel. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim against Judge Emanuel should be dismissed as frivolous.

**Assistant District Attorneys**

Plaintiff names Assistant District Attorneys Edwin Blewer, III., Ron C. Stamps, Williams J. Edwards, and Tommy Johnson as defendants. He claims they conspired against him and are guilty of misconduct. He claims the appellate lawyer for the State conspired against him and limited him to only being able to plea. He also claims the appellate lawyer for the State falsely argued that he never disagreed with his lawyer's strategy and undermined the Justices of the Supreme Court of Louisiana. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the Assistant District Attorneys as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights complaint against Assistant District Attorneys Edwin Blewer, III., Ron C. Stamps, Williams J. Edwards, and Tommy Johnson should be dismissed as frivolous.

**Habeas Claims**

To the extent that Plaintiff seeks to have his conviction and sentence overturned and his release from incarceration, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks the dismissal of the conviction and sentence and his release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive relief for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the criminal conviction and sentence and his release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day of May, 2023.

Mark L. Hornsby
U.S. Magistrate Judge